UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

DOMINIC'S RESTAURANT OF DAYTON,
INC., et al.,

                Plaintiffs,

-v-

CHRISTIE L. MANTIA, et al.,

                Defendants.

Case No. 3:09-cv-131

Judge Thomas M. Rose

**ENTRY AND ORDER OVERRULING PLAINTIFFS' AMENDED AND RESTATED MOTION TO SHOW CAUSE AND APPLICATION FOR ADDITIONAL ORDER OF CONTEMPT (Doc. # 32) AND OVERRULING DEFENDANTS' MOTION TO STAY ENTRY & ORDER GRANTING PLAINTIFFS' MOTION TO SHOW CAUSE & APPLICATION FOR ORDER OF CONTEMPT (Doc. #35)**

The Court issued a Temporary Restraining Order ("TRO") in this matter on April 20, 2009, essentially restraining all of the Defendants from the use of the "Dominic's" name. On May 3 as amended on May 8, 2009, the Plaintiffs asked the Court to find that Defendants Reece Powers, III ("Powers"), Harry Lee ("Lee") and Dominic's Restaurant, Inc. ("DRI") were in contempt of the TRO. Following limited briefing and a hearing conducted on May 11, 2009, the Court determined that Powers, Lee and DRI were in contempt of the TRO.

On May 14, 2009, the Court issued a new and different Temporary Restraining Order ("TRO2") and imposed sanctions. TRO2 includes the same provisions as the TRO plus a provision increasing the bond to be posted by the Plaintiffs from $10,000 to $30,000 and a provision requiring Powers, Lee and DRI to immediately cease operation of the restaurant located at 630 East Dixie Drive in West Carrollton, Ohio. Plaintiffs' Amended Motion To Show

Cause and Application for Order of Contempt was Granted and TRO2 issued on May 14, 2009.

On May 15, 2009, the Plaintiffs filed an Amended and Restated Motion To Show Cause and Application for Additional Order of Contempt (doc. #32) and the Defendants filed a Motion To Stay Entry & Order Granting Plaintiffs' Amended Motion To Show Cause & Application for Order of Contempt (doc. #35). On May 18, 2009, the Plaintiffs filed a response to Defendants' Motion To Stay (doc. #36), and on May 19, 2009, the Court conducted a hearing on both of these Motions. Therefore, both Motions are adequately briefed and ripe for decision. Each will be addressed seriatim.

**AMENDED AND RESTATED MOTION TO SHOW CAUSE AND APPLICATION FOR ADDITIONAL ORDER OF CONTEMPT**

In this Motion, the Plaintiffs apply for a Order of Contempt against Powers, Lee and DRI for failing to comply with TRO2 in that they did not close the restaurant at 630 East Dixie Drive. The Plaintiffs request a seizure and accounting of, as well as forfeiture of, all gross receipts from the alleged illegal operation of the restaurant at 630 East Dixie Drive; sanctions for their willful violations of TRO2; conversion of TRO2 to a permanent injunction; attorneys' fees and costs; and default judgment on Plaintiffs' claims.

TRO2 was issued at 2:25 p.m. on May 14, 2009. (Doc. #29.) Defendants' attorney asserts that he was not able to access and read TRO2 until the following morning after which he immediately conveyed the contents to Powers. Acceptable bond was posted by the Plaintiffs at 3:11 p.m. on May, 15, 2009. The restaurant at 630 East Dixie Drive was closed in the afternoon of May 15, 2009.

Based upon the testimony and argument presented, the Court is unable to find that the Defendants were or are in contempt of the TRO2 provision requiring that they cease operation of

the restaurant at 630 East Dixie Drive. Therefore, Plaintiffs' Amended and Restated Motion To Show Cause and Application for Additional Order of Contempt (doc. #32) is OVERRULED.

**MOTION TO STAY ENTRY & ORDER GRANTING PLAINTIFFS' AMENDED MOTION TO SHOW CAUSE & APPLICATION FOR ORDER OF CONTEMPT**

In this Motion, the Defendants seek a stay of the provision of TRO2 requiring that they cease operation of the restaurant at 630 East Dixie Drive in West Carrollton, Ohio. They argue that the Court erred in its findings-of-fact and as a matter of law.

### Alleged Error In Findings-of-Fact

The findings-of-fact are in error, according to the Defendants, because the Court determined that certain findings-of-fact regarding DRI were not submitted as evidence at the May 12, 2009 Hearing on the Motion for Contempt regarding the TRO. Specifically, the Defendants challenge the Court's finding that, "the Ohio Secretary of State's website of business filings currently lists a for-profit corporation named 'Dominic's Restaurant Inc.' The location is listed as West Carrollton, Ohio, and the agent is listed as Reece Powers, III. The status of the business is shown as 'active.'"

While this evidence regarding the incorporation of DRI was not per se presented at the May 12, 2009 Hearing, the Defendants' argument regarding this evidence is not well founded for at least three reasons. First, the Court is, of course, able to take judicial notice of a matter of public record. See Fed. R. Evid. 201(a court may take judicial notice of a fact not subject to reasonable dispute, whether requested or not). Second, one of the Defendants identified in all of Power's, Lee's and DRI's pleadings thus far is DRI - Dominic's Restaurant, Inc. - and the Court is entitled, if not required, to confirm the existence of such an entity. Third, the incorporation of DRI has already been identified in previous Court filings beginning with the Complaint that was

originally file in this case.

The Defendants have now introduced evidence that the restaurant located at 630 East Dixie Highway has obtained various permits, has procured supplies and is being operated under the name "Shirely's Village Inn." However, Powers testified that restaurant has never been known to the public as "Shirley's Village Inn."

The Defendants have also now introduced evidence that they have completed a Certificate of Dissolution for Dominic's Restaurant, Inc. effective May 19, 2009, and provided it to the Ohio Secretary of State. Perhaps it will soon change, but the Ohio Secretary of State's website of business filings continues at this time to list a for-profit corporation named "Dominic's Restaurant Inc." The location is listed as West Carrollton, Ohio, and the agent is listed as Reece Powers, III. The status of the business is currently shown as "active." This finding-of-fact was and currently is not in error.

The findings-of-fact are also in error, according to the Defendants, because the Court made a finding that the name "Dominic's" has been used on orders for the restaurant. The record of the May 11, 2009 Hearing indicates that, in response to the question, "Do you recall the Dominic's name being utilized with regard to the restaurant?" Nicole Traum, the assistant manager of the restaurant, responded, "We have had it on orders." In addition, in response to the question, "You have ordered under the name Dominic's haven't you?" Powers responded, "No. Our original - - some of the vendors - - this goes back to Shirley's Village Inn originally and then we were thinking about using Dominic's before all of this started some of the vendors may have been set up or may have set it up as that but they have all been changed." Obviously, the Court is obligated, in this instance, to find the facts and it has done so based upon evidence

presented. Thus, this finding-of-fact is also not in error.

## Alleged Error as a Matter of Law

The Defendants argue that the Court erred as a matter of law because shutting down a restaurant without giving the contemnor an opportunity to purge itself of contempt is punitive in nature and the burden of proof of criminal contempt has not been met by the Plaintiffs. The Defendants also argue that the Court has erred as a matter of law in using the "safe distance rule" in this case and that the Defendants did not have an opportunity to argue why the "safe distance rule" is not applicable. In support of these arguments, the Defendants cite *Vining Industries, Inc. v. M.B. Walton, Inc.*, 106 F. Supp. 2d 966 (S.D. Ohio 1997).

The "safe distance rule" is a broad equitable remedy that allows the court to create a zone of safety around trademark holders victimized by counterfeiting or other unlawful use of the marks. Timothy R. Cahn and Joshua R. Floum, *Applying the Safe Distance Rule in Counterfeiting cases: A Call for the Use of Broad Equitable Power To Prevent Black and Gray Marketeering*, 8 Fordham Intell. Prop. Media & Ent. L. J. 487 (1998). It requires courts to draft injunctive relief broadly enough to ensure that a past infringer will not have the opportunity to infringe an owner's rights in the future. *Id.* at 490. Said another way, the "safe distance rule" ensures that injunctive relief will be broad enough to protect the plaintiff from future recurrent infringing conduct by the defendant. *Id.* It also facilitates monitoring of the defendant's compliance with a court's injunction by delineating clear limitations on the defendant's conduct. *Id.* Finally, the "safe distance rule" prevents the infringer from engaging in conduct which would be otherwise lawful for the infringers's competitors. 8 Fordham Intell. Prop. Media & Ent. L. J. 494; *see also Sunbeam Products, Inc. v. West Bend Co.*, 123 F.3d 246, 260 (5th Cir. 1997), *cert.*

*denied*, 523 U.S. 1118 (1998).

In *Vining*, the court said that, under the "safe distance rule," it could enjoin the Defendant from continuing to use a phrase that infringed upon the plaintiff's protected trademark even if the phrase was used in a manner which did not infringe upon the Plaintiff's protected mark *Vining*, 106 F. Supp. 2d at 973. The court declined to apply the "safe distance rule" in *Vining*, however, because the continued use of the phrase in the manner proposed by the defendant would not create a likelihood of confusion and because a full record had not been developed from which the court could find that the trademark in question was used willfully. *Id.* at 974.

In this case, the record indicates that the Defendants intended, at the outset, to use the name "Dominic's" for the restaurant and after being enjoined from doing so, continued to use the name in various ways. Further, Plaintiffs have shown that they are entitled to a TRO on their mark infringement claims. The Plaintiffs have shown that all four (4) preliminary injunction factors are satisfied on their mark infringement claims of which one factor includes a showing of the likelihood of confusion. The reasoning is as set forth in the Court's Entry and Order granting Plaintiffs' Motion for a TRO. (Doc. # 14.)

Thus, the Plaintiffs have shown that Powers, Lee and DRI have engaged in infringing conduct, both before and after the TRO was issued. As a result, based upon the "safe distance rule," the Court drafted new, broader, injunctive relief in an attempt to ensure that Powers, Lee and DRI will not have the opportunity to infringe on Plaintiffs' rights in the future.

Therefore, in addition to sanctioning the Defendants for contempt, the Court elected to apply the "safe distance rule" and ordered the restaurant closed. Once the "Dominic's" name had been used, even after the TRO was issued, the only way to insure no further infringement, short

of further sanctions, was to close the restaurant.

Unlike in *Vining*, the Court has determined that the continued use of the name "Dominic's" by the Defendant would continue to create a likelihood of confusion. The Defendants have presented evidence that they have now, after TRO2 was issued, ceased using the "Dominic's" name but there is believeable evidence otherwise.

Also, unlike in *Vining*, there is a record from which this Court may and has concluded that the use of the name "Dominic's" by the Defendants was wilful. The Defendants admit that they initially intended to name the restaurant at 630 East Dixie Drive "Dominic's." The have said so and the "Dominic's" signage had been purchased and was awaiting installation. Also, there is evidence that the Defendants continued for a period of time to use the name "Dominic's" after the TRO was issued.

Finally, the Defendants have had several opportunities to argue whether the "safe distance rule" applies. The Plaintiffs first raised application of the "safe distance rule" during the hearing conducted on May 14, 2009. They subsequently discussed the "safe distance rule" in their Reply In Support of Motion for TRO (doc. #11) filed on May 15, 2009, and in several documents filed since then. The Defendants have said nothing about the "safe distance rule" until after it was applied.

The Plaintiffs argue, in part, that the Defendants have not provided a basis under the civil rules for their Motion To Stay, that their legal arguments are deemed waived and that the Defendants have provided no basis for a stay of this Court's Entry and Order. The Court need not and does not address these procedural arguments made by the Plaintiffs because the Defendants' Motion To Stay is otherwise without merit.

The Court did not err as a matter of law. Application of the "safe distance rule" in this case was not a criminal sanction but was an application of existing law. The application of the "safe distance rule" to shut down the restaurant at 630 East Dixie Highway was consistent with, if not required by, existing trademark law. Whether or not the Defendants have now purged themselves of their contempt of TRO2 is irrelevant to the application of the "safe distance rule."

**Conclusion**

The Court did not err in making various findings of fact in its Entry and Order Granting Plaintiffs' Amended Motion To Show Cause and Application for Order of Contempt. Also, the Court did not err as a matter of law in granting that same Motion. Therefore, Defendants' Motion To Stay Entry & Order Granting Plaintiffs' Amended Motion To Show Cause & Application for Order of Contempt (Doc. # 35) is OVERRULED. While the Court is deeply concerned about closing the restaurant and the associated loss of jobs and spoilage of food, it is the Defendants' actions and not those of the Court that resulted in the closing.

TRO2 remains in effect. This matter is scheduled for a preliminary injunction hearing at 1:30 p.m. on Friday, May 22, 2009.

**DONE** and **ORDERED** in Dayton, Ohio this Twentieth day of May, 2009.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE