UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

**DOMINIC'S RESTAURANT OF DAYTON,
INC., et al.,**

                **Plaintiffs,**

**-v-**

**CHRISTIE L. MANTIA, et al.,**

                **Defendants.**

Case No. 3:09-cv-131

Judge Thomas M. Rose

---

**ENTRY AND ORDER OVERRULING POWERS' AND DRI'S MOTION
TO AMEND (Doc. #83); OVERRULING DOMINIC'S MOTION TO
STRIKE (Doc. #89) AND GRANTING DOMINIC'S MOTION FOR
ATTORNEYS' FEES AND COSTS IN THE AMOUNT OF $8,175 (Doc. #91)**

---

      This matter now comes before the Court on three pending motions. First is a Motion To Amend Finding of Contempt and Preliminary Injunction filed on behalf of Defendants Reece Powers, III ("Powers") and Dominic's Restaurant, Inc. ("DRI"). (Doc. #83.) The Plaintiffs (collectively referred to herein as "Dominic's") have responded (doc. #84) and Powers, Harry Lee ("Lee") and DRI have replied (doc. #88.)

      The second motion that is now before the Court is Dominic's Motion To Strike Powers' and DRI's Reply (doc. #88) to Powers' and DRI"s Motion To Amend Finding of Contempt and Preliminary Injunction. (Doc. #89.) The time has run and Powers, Lee and DRI have not responded to this Motion To Strike.

      The third motion that is now before the Court is Dominic's Motion for Attorneys' Fees and Costs. (Doc. #91.) The time has run and Powers, Lee and DRI have not responded to this motion either.

Thus, all three motions are ripe for decision. However, before addressing these motions, a brief procedural background is in order.

## Procedural Background

Dominic's complaint was filed in this Court on April 3, 2009. (Doc. #1.) This Complaint alleges, relevant to the issues now before the Court, that the Defendants infringed on Dominic's service and trade marks in connection with the opening of a restaurant at 630 East Dixie Drive in West Carrollton, Ohio (the "Restaurant").

On April 6, 2009, Dominic's moved for a Temporary Restraining Order ("TRO"). (Doc. #5.) Following briefing and a hearing, the Court concluded that it had subject matter jurisdiction over this matter, that the Dominic's service mark was protected and that there was a strong likelihood that the Defendants were infringing upon the Dominic's service mark. (Doc. #14.) On April 20, 2009, the Court issued a TRO essentially restraining the Defendants from the use of the "Dominic's" name. (Doc. #14.)

On May 3, 2009, Dominic's filed an Emergency Motion for Contempt and for Sanctions. (Doc. #18.) Following a hearing held on May 11, 2009, and briefing by the Parties, the Court determined that Powers, Lee and DRI were in violation of the TRO.

On May 14, 2009, the Court issued a new and different Temporary Restraining Order ("TRO2") and imposed sanctions. (Doc. #29.) TRO2 includes the same provisions as the TRO plus a provision increasing the bond to be posted by the Plaintiffs from $10,000 to $30,000 and a provision requiring Powers, Lee and DRI to immediately cease operation of the Restaurant.

The sanctions in TRO2 were imposed pursuant to the "Safe Distance Rule." The "Safe Distance Rule" is a broad equitable remedy that allows courts to create a zone of safety around

trademark holders victimized by counterfeiting or other unlawful use of the marks. Timothy R. Cahn and Joshua R. Floum, *Applying the Safe Distance Rule in Counterfeiting cases: A Call for the Use of Broad Equitable Power To Prevent Black and Gray Marketeering*, 8 Fordham Intell. Prop. Media & Ent. L. J. 487 (1998). It requires courts to draft injunctive relief broadly enough to ensure that a past infringer will not have the opportunity to infringe an owner's rights in the future. *Id.* at 490.

On May 14, 2009, the Plaintiffs filed a Renewed Motion To Show Cause and Application for Additional Order of Contempt. (Doc. #30) This second Motion To Show Cause was amended on April 15, 2009. (Doc. #32.) On that same day, Defendants Powers, Lee and DRI filed a Motion To Stay Entry & Order Granting Plaintiffs' Amended Motion To Show Cause & Application for Order of Contempt (doc. #35). On May 19, 2009, the Court conducted a hearing on both of these Motions, and on May 20, 2009, the Court overruled both of them (doc. #44).

Dominic's argued that the Restaurant had not closed in accordance with TRO2. Pursuant to testimony at the hearing, the Court concluded that the Restaurant had closed as of the afternoon of May 15, 2009.

The Court also determined that it did not err in making various findings of fact or as a matter of law[1] in its Entry and Order Granting Plaintiffs' Amended Motion To Show Cause and Application for Order of Contempt. Powers', Lee's and DRI's Motion To Stay Entry & Order Granting Plaintiffs' Amended Motion To Show Cause & Application for Order of Contempt was overruled.

---

[1] One of the legal issues challenged by the Defendants was this Court's application of the Safe Distance Rule.

On May 29, 2009, new counsel obtained by Powers, Lee and DRI filed a motion to modify TRO2. (Doc. 50.) On June 8, 2009, their motion to modify TRO2 was overruled as being not well-founded. (Doc. #60)

The expiration of TRO2 was extended by agreement of the Parties and a Preliminary Injunction hearing was conducted on June 22, 2009. On June 24, 2009, a Preliminary Injunction was issued. (Doc. #65.) All four factors to be considered weighed in favor of granting a Preliminary Injunction regarding Dominic's service mark infringement claim. Further, the Court continued to apply the "Safe Distance Rule" when fashioning the preliminary injunction. Based upon what had already taken place, a restaurant operated at 630 East Dixie Drive would continue to create a likelihood of confusion between the "Dominic's" service mark and the operation of the restaurant at that location. Closing the restaurant was the only way that the Court could insure that there would be no further infringement activities. After that, Dominic's and Powers, Lee and DRI attempted, in an effort to permit the restaurant to open, to agree to a menu that could be used but were unable to do so. The menu appeared to be the only way to cure the majority of the infringement and provide a safe distance.

The Preliminary Injunction, issued on June 24, 2009, included essentially the same terms as TRO2. However, the Preliminary Injunction provided that Powers, Lee and DRI must refrain from opening a restaurant at 630 East Dixie Drive in West Carrollton, Ohio unless the restaurant uses the Duke's Golden Ox Steak House menu submitted by Powers, Lee and DRI with the Affidavit of Raymond "Duke" Morris (doc. #52) and only that menu. The menu selected by the Court was based upon Power's, Lee's and DRI's assertions that they wish to be known as Duke's restaurant and was a menu submitted by Powers, Lee and DRI, known as the Duke's

Golden Ox Steak House menu.

Should the Parties agree to a different menu, they were given leave in the Preliminary Injunction to submit it to the Court for approval. This did not happen, and, on July 24, 2009, Powers and Lee appealed the Preliminary Injunction to the Sixth Circuit.

On August 5, 2009, Dominic's again asked for an order of contempt based upon the allegation that Duke's restaurant was open but was not using a menu that had been authorized by the Court. (Doc. #71.) A hearing on this Motion was conducted on August 26, 2009. On September 1, 2009, the Court found Powers, Lee and DRI in violation of the Preliminary Injunction and, again applying the "Safe Distance Rule," closed the Restaurant. Before granting Dominic's Motion for Contempt, the Court again gave the Parties ample time to agree to a menu again creating a safe distance. This, they were again unable to do.

Although the Entry and Order granting Dominic's Motion for Order of Contempt discusses the legal provisions regarding civil contempt, ultimately, the Restaurant was closed based upon application of the "Safe Distance Rule" as a sanction for alleged infringement upon Dominic's service mark. Powers, Lee and DRI were also ordered to provide Dominic's with copies of the records from which a determination of the profits from the Restaurant may be made.

In yet another effort to get the Restaurant open, on October 8, 2009, the Court convened discussions among counsel for Dominic's and Powers, Lee and DRI to attempt to reach agreement on a different menu and a safe distance. This effort was unsuccessful and the Restaurant presumably remains closed.

## **Motion To Amend**

Powers, Lee and DRI seek to amend this Court's September 1, 2009 Order of Contempt because they argue that the contempt sanctions imposed by the Court are criminal in nature and should have been civil in nature and given them an opportunity to purge. Specifically, they argue that an injunction closing the Restaurant and giving them no ability to purge their contempt is a finding of criminal contempt when it should have been civil and given them the opportunity to purge their contempt.

Dominic's first objects to the filing of the Motion To Amend on behalf of Lee because Defense counsel has never entered an appearance on behalf of Lee and because Lee violated the Court's Order mandating his appearance at the hearing on August 26, 2009, and thus cannot seek to set aside any relief granted. Dominic's then argues that the Motion To Amend purportedly filed pursuant to Fed. R. Civ. P. 59(e) is improperly tendered since there is no provision under the Civil Rules to seek review under Rule 59(e) because the Order entered by this Court is not a "judgement" subject to review pursuant to Fed. R. Civ. P. 59(e). Finally, Dominic's argues that these Defendants should not be permitted to reargue issues that could have or should have been brought throughout the various hearings on this matter.

To this last argument, Powers, Lee and DRI respond that they did not know what sanctions the Court would impose and, therefore, could not argue against them. They waited for the Court's decision, saw an alleged clear error of law and properly filed their Motion To Amend. Powers, Lee and DRI also again present argument regarding a proposed menu that presumably is not agreed to by Dominic's.

First are the arguments regarding Lee. At the time the Motion To Amend was filed, counsel for Powers and DRI had not entered an appearance for Lee and thus the Motion To

Amend technically was not made on Lee's behalf. Further, Lee elected to not participate in the August 26, 2009, hearing which resulted in the Order that he now wishes to amend. Therefore, he cannot be heard to complain about the results.

Second are the arguments regarding the Motion To Amend being brought pursuant to Fed. R. Civ. P. 59(e). Rule 59(e) addresses motions to alter or amend judgments. A judgment is a court's final determination of the rights and obligations of the parties in a case. *Black's Law Dictionary* (8th ed. 2004). Thus, the Order which Powers and DRI seek to amend is not a final judgment since it is not the Court's final determination of the rights and obligations of the Parties. *See Construction Drilling Inc. v. Chusid*, 90 Fed. Appx. 630, 631 (3d Cir. 2004)(civil contempt orders are interlocutory and unreviewable except where incident to an appeal from a judgment that is otherwise appealable). Since this Court's ruling on Dominic's Motion for Contempt is not a judgment, a motion brought pursuant to Rule 59(e) is not applicable. *See Baush & Lomb Inc. v. Moria S.A.*, 222 F. Supp.2d 616, (E.D. Pa. 2002)(Rule 59(e) does not apply to interlocutory decisions).

Third is the argument that Powers and DRI should not be permitted to reargue issues that could have or should have been brought throughout the various hearings on this matter. While it is true that Rule 59(e) motions cannot be used to reargue issues that could have or should have been brought forward earlier, it is, at best, questionable as to whether Powers and DRI could have earlier argued that they should have been given an opportunity to purge their violation of the Preliminary Injunction.

Even if Powers' and DRI's Motion To Amend was on procedurally firm ground, which it is not, the Motion would fail on the merits. Powers and DRI characterize the finding that they

were in violation of the Preliminary Injunction as a finding of contempt that they should have been given an opportunity to purge their violation of the Preliminary Injunction. While the Court discussed civil contempt and Powers', Lee's and DRI's violation of the Preliminary Injunction, the remedy imposed was in accordance with the "Safe Distance Rule" and not in accordance with usual civil contempt legal provisions regarding an ability to purge. It has been long ago shown that the opening of a restaurant at 630 East Dixie Drive by Powers, Lee and DRI, particularly a restaurant using a menu selected by only Powers, Lee and DRI, would have a strong likelihood of violating Dominic's service mark.

Since then, Powers, Lee and DRI have shown more than once that they are unwilling to respect Dominic's service mark. Thus, it became necessary for the Court to create a zone of safety around this service mark. The "Safe Distance Rule" requires courts to draft relief broadly enough to ensure that a past infringer will not have the opportunity to infringe an owner's rights in the future. Cahn, et al., *supra*, at 490. Further, the "Safe Distance Rule" may be applied even if it involves a handicap as compared to those who have not disqualified themselves by infringing or otherwise. *Sunbeam Products, Inc. v. West Bend Co.*, 123 F.3d 246, 260 (5th Cir. 1997), *cert. denied*, 523 U.S. 1118 (1998); *Broderick & Bascom Rope Co. v. Manoff*, 41 F.2d 353, 354 (6th Cir. 1930). Powers and DRI offer no valid argument, nor can they, that the "Safe Distance Rule" should not be applied in this case. The zone of safety currently in place prevents the opening of the Restaurant.

The Court is and has been agreeable to reducing the zone of safety to wit permitting the Restaurant to open using an agreed menu. However, Powers and DRI were unwilling to operate under the Duke's menu that they submitted and have been unwilling and/or unable to agree to

another menu. Thus, the Restaurant remains closed. Powers' and DRI's Motion To Amend this Court's latest Order that the Restaurant remain closed until if and when the Parties can agree to a different menu or until the menu used is the menu submitted by Powers, Lee and DRI known as the Duke's Golden Ox Steak House menu is OVERRULED.

### Motion To Strike Reply

Dominic's seeks to strike Powers' and DRI's Reply to their Motion To Amend for three reasons. (Doc. #89.) First, because it is improper to tender a Reply in support of their Motion To Amend that is purportedly filed on behalf of all of the Defendants. Second, because Powers, Lee and DRI have tendered in their Reply, a proposed menu that was not tendered in their Motion. Third, every court filing by Powers', Lee's and DRI's current counsel has contained the same date of service, May 9, 2009, yet their current counsel was not involved in this litigation until August of 2009. Powers, Lee and DRI have not responded to this Motion To Strike.

All of Dominic's arguments are well-taken. Current counsel does not represent Defendant Christie L. Mantia and did not represent Lee when the Motion To Amend was filed. The proposed menu was first tendered with the Reply and thus cannot be considered. Finally, the filings by Powers', Lee's and DRI's current counsel all represent a date of service that is before current counsel became involved in this lawsuit.

While all of Dominic's arguments may be well-taken, in the interest of justice the Court has elected to consider the Reply. Albeit none of the arguments contained therein are persuasive. Dominic's Motion To Strike (doc. #89) is OVERRULED.

### Motion for Attorneys' Fees and Costs

Dominic's seeks a fee award of at least $8,175 for having to prosecute a Second Motion

for Contempt. (Doc. #91.) Neither Powers, Lee or DRI have responded.

In its Entry and Order Granting Plaintiffs' Motion for Order of Contempt (doc. #82), this Court determined that Dominic's was entitled to an award of the attorneys' fees and costs associated with their Renewed Motion To Show Cause and Application for Additional Order of Contempt. Dominic's was given thirty (30) days to submit a motion for attorneys' fees and costs keeping in mind that this Court uses the *Lodestar* method for calculation of attorneys' fees.

Dominics now submits that it has expended 21.8 hours in handling the Defendants' contempt of the Court's Order permitting the restaurant to open subject to use of its proffered menu, and in the filing and prosecution of the Renewed Motion for Contempt, and the conduct of the hearing thereon and in the filing of this Motion for Attorneys' Fees and Costs. Dominic's also submits that $375[2] is a reasonable hourly rate for its work. Dominic's does not request any additional costs, including travel expenses, copy charges or other costs.

The *Lodestar* amount is a reasonable hourly rate times a reasonable number of hours. See *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Thus, the *Lodestar* amount in this instance is $8,175.

Dominic's also requests that the Court consider an upward adjustment to the fee award to reflect Defendants' wilful violations. However, the Court declines to make an upward adjustment.

Plaintiffs Motion for Attorneys' Fees and Costs (doc. #91) is GRANTED. Plaintiffs' are hereby awarded $8,175 in attorneys' fees for having to prosecute Plaintiffs' Renewed Motion To

---

[2]The Court has previously determined, based upon argument and an affidavit submitted, that this is a reasonable hourly rate for this type of legal work.

Show Cause and Application for Order of Contempt. Defendants Reece Powers, III, Harry Lee and Dominic's Restaurant, Inc. are jointly and severally liable for this amount.

### **Further Violation of the Court's Order**

In a footnote to its Motion for Attorneys' Fees and Costs, Dominics asserts that Powers, Lee and DRI have failed to provide copies of the records from which a determination of the profits from the Restaurant may be made as required by this Court in its Entry and Order Granting Plaintiffs' Motion for Order of Contempt. (Doc. #82.) Since there is no motion in this regard pending and this Court has no evidence supporting this allegation, the Court declines to address the assertion.

**DONE** and **ORDERED** in Dayton, Ohio this Third day of December, 2009.

                                                   **s/Thomas M. Rose**

                                               THOMAS M. ROSE
                                      UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record