UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

DOMINIC'S RESTAURANT OF DAYTON,
INC., et al.,

                                     Case No. 3:09-cv-131

                **Plaintiffs,**

                                       Judge Thomas M. Rose

-v-

CHRISTIE L. MANTIA, et al.,

                **Defendants.**

---

## ENTRY AND ORDER

---

      Plaintiffs' attorney and Defendant Reece Powers III's ("Powers') bankruptcy attorney were ordered to submit briefs to the Court regarding the impact of Powers' bankruptcy on contempt proceedings. They were ordered to submit simultaneous briefs on February 16, 2010, and simultaneous reply briefs on February 19, 2010.

      On February 16, 2010, Plaintiffs' attorney filed a trial brief. (Doc. #112.) Also on February 16, 2010, Powers' bankruptcy attorney entered an appearance and filed an ex parte Motion To Stay. (Doc. #114.) Since Powers' bankruptcy attorney elected to file this Motion ex parte, it was not served on Plaintiffs' attorney. This Motion was also not served by any other means that can been seen on the docket.

      On February 19, 2010, Powers' bankruptcy attorney filed a Reply Memorandum in support of his Motion To Stay. (Doc. #115.) Plaintiffs' attorney then moved to strike Powers' Reply Memorandum arguing that it was improper because Powers had not filed an original trial brief. (Doc. #116.) Powers' attorney then responded "to alert the Court to a possible anomaly in the PACER matrix." (Doc. #117.) He later responded by filing the PACER docket that shows his

Motion To Stay. (Doc. #118.)

The statement that there is "a possible anomaly in the PACER matrix" is unintelligible to the Court. Further, the Court is unable to explain why Powers' bankruptcy attorney filed the Motion To Stay ex parte, which prevents it from being electronically served on all parties or why Powers' bankruptcy attorney did not serve the Motion To Stay by other means. That being said, Plaintiffs' attorney apparently has yet to be served with a copy of Powers' Motion To Stay, doc. #114, which apparently is his response to the Court's request for briefing on the impact of Powers' bankruptcy on contempt proceedings**.**

Therefore, the Clerk is hereby ordered to electronically serve a copy of the document named (Ex Parte) Motion To Stay, doc. #114, on Plaintiffs' attorney today, February 22, 2010. Plaintiffs' attorney will then have until not later than March 4, 2010, to submit a reply. No further response from Powers' bankruptcy attorney is required or will be accepted.

**DONE** and **ORDERED** in Dayton, Ohio this Twenty-Second day of February, 2010.

**s/Thomas M. Rose**

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record