UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

**DOMINIC'S RESTAURANT OF DAYTON, INC., et al.,**

        **Plaintiffs,**

-v-

**CHRISTIE L. MANTIA, et al.,**

        **Defendants.**

Case No. 3:09-cv-131

Judge Thomas M. Rose

---

**ENTRY AND ORDER AWARDING ATTORNEYS' FEES AND COSTS TO THE PLAINTIFFS IN THE TOTAL AMOUNT OF $99,352.31 AND TERMINATING THIS CASE**

---

Plaintiffs initially sought an award of $171,000 in legal fees associated with this trademark infringement action. (Doc. #171.) Then, when ordered by the Court to address the availability of attorneys' fees in this matter and provide sufficient detail of the number of hours expended (doc. #172), they revised the amount of attorneys' fees sought to $193,800 (doc. #176). The $193,800 was based upon 456 hours worked at an hourly rate of $425.

When asked to provide billing detail regarding the amount of hours expended, Plaintiffs revised the number of hours requested downward to 330 because the Court had previously awarded attorneys' fees for some of the hours worked and some of the hours worked did not directly relate to this matter. The 330 hours sought by Plaintiffs, according to Plaintiffs, excludes 126 hours for other matters. The sum of 330 and 126 is 456. Yet, the billing records submitted by Plaintiffs indicate a total of 404.4 hours.

Plaintiffs' latest request, which is included in their Notice of Filing of Billing Records, is for a total of $144,014.36 for costs and attorneys' fees. (Doc. #178.) The total amount presented

on the billing records submitted by the Plaintiffs is $155,414.36 for attorneys' fees and expenses. This amount less the Court-awarded fees indicated on the billing summary is $145,219.77.

The Court must first determine if an award of attorneys' fees and costs is warranted. If so, the Court must determine the amount to be awarded.

## AVAILABILITY OF ATTORNEYS' FEES AND COSTS

This action was brought pursuant to the Lanham Act and the Ohio Uniform Trade Secrets Act ("OUTSA") as a result of Defendants' intentional trademark and trade dress infringement and interference with Plaintiffs' business relations. Plaintiffs have obtained a permanent injunction and a final Order awarding damages. (Doc. #172.)

The Lanham Act allows this Court to award the costs of this action and, in exceptional cases, reasonable attorneys' fees. 15 U.S.C. § 117(a). In addition, OUTSA allows this Court to award reasonable attorneys' fees when there is wilful and malicious misappropriation of trade secrets. Ohio Rev. Code § 1333.64. Based upon the intentional acts undertaken by the Defendants and the malicious failure to adhere to the Temporary Restraining Order and Preliminary Injunction, this is one of the exceptional cases identified in the Lanham Act, and there has been wilful and malicious misappropriation of trade secrets in this case. *See Gnesys, Inc. v. Greene*, 437 F.3d 482 (6th Cir. 2005). Therefore, an award of attorneys' fees and costs is warranted.

## AMOUNT OF ATTORNEYS' FEES

In the Sixth Circuit, a reasonable attorney-fee award is determined by calculating the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Imwalle v. Reliance Medical Products, Inc.,* 515 F.3d 531, 551 (6th Cir. 2008); *Jordan v. City of*

*Cleveland*, 464 F.3d 584, 602 (6th Cir. 2006). The result is the lodestar amount which is the reasonable fee to which counsel is entitled. *Imwalle*, 515 F.3d ast 552.

The Court has the discretion to determine the amount of a fee award. *Hensley*, 461 U.S. at 437. Also, the fee applicant has the burden of establishing an entitlement to an award of attorneys' fees. *Wooldridge v. Marlene Industries Corp.*, 898 F.2d 1169, 1176 (6th Cir. 1990).

## Reasonable Hourly Rate

The Plaintiffs correctly report that this Court has previously found that Plaintiffs' counsel's $375 hourly rate was reasonable. (Doc. # 73.) This determination was made in August of 2009.

Plaintiffs' counsel now asserts that his standard billing rate for such matters has been increased to $425 per hour and that the Court should take the intervening time period into consideration and award Plaintiffs this current rate of $425 per hour. However, the Court declines to do so.

First, the work being billed began in March of 2009 and ended in March of 2013 as set forth in the billing records provided by Plaintiffs. Thus, it would make no sense to apply the current billing rate to all of the work since not all of the work was performed at the current billing rate.

Second, Plaintiffs have offered no evidence that a billing rate of $425 per hour is reasonable. They did present evidence in 2009 that a billing rate of $375 per hour was reasonable at the time.

The Court will accept and use its earlier finding that $375 is a reasonable hourly rate for this type of work. What is a reasonable number of hours will next be considered.

**Reasonable Number of Hours**

Although the billing records submitted by Plaintiffs indicate a total of 404.4 hours billed, counsel for Plaintiffs has represented to the Court that he is now seeking an award of 330 hours because his initial request mistakenly included 126 hours of time expended on matters related to the collection of the lien related to the prior Judgments and the bankruptcy of Nancy Powers. In addition, eight (8) of the entries in the billing summary are either entirely for or include travel time. These eight (8) entries are for a total of 68.5 hours.

Travel time may arguably have been necessary in this case. However, travel time for extensive distances and travel time billed at counsel's reasonable hourly rate cannot be said to be reasonable. Other than the travel time, the hours requested are reasonable for this matter. Therefore, a reasonable number of hours for this award is the 330 hours requested less the approximate travel time of 68.5 hours for a total of 261.5 hours.

**Costs**

The billing records submitted by Plaintiffs' counsel include $3,764.36 in "additional expenses." Of these "additional expenses," a total of $2,474.55 are travel or travel-related expenses. Because the travel time is excluded above, the related expenses cannot be said to be reasonable. Therefore, a reasonable amount of costs for this award is the $3,764.36 hours on the billing records submitted less the $2,474.55 for travel or travel-related expenses for a total of $1,289.81.

**SUMMARY**

The lodestar amount to be awarded in this matter is $375, a reasonable hourly rate, times 261.5 hours, a reasonable number of hours, for a total of $98,062.50. Reasonable costs for this

matter total $1,289.81. Reasonable attorneys' fees plus costs totals $99,352.31, the amount of the award.

The Court notes that two of the defendants have filed notices of bankruptcy. This Entry and Order with regard to these two defendants is subject to provisions of the Bankruptcy Code. Finally, the captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio this Eleventh Day of June, 2013.

                                            **s/Thomas M. Rose**

                                        THOMAS M. ROSE
                              UNITED STATES DISTRICT JUDGE

Copies furnished to:
    Counsel of Record